# EXHIBIT A

earing Date: 6/2/2022 10:00 AM
ocation: Richard J Daley Center
Judge: Wilson, Thaddeus L

Case: 1:22-cv-01565 Document #: 3-1 Filed: 03/25/22 Page 2 of 10 PageID #:11

12-Person Jury

* 5 0 1 4 2 2 4 6 *

Firm No. 64324

FILED
2/2/2022 12:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00907
16545538

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| AMANDA BALTASAR, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) NATIONWIDE CREDIT, INC., ) ) Defendant. ) | Case No. 2022CH00907 CLASS ACTION JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Amanda Baltasar, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

3. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

7. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

8. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State),

2

and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9. Defendant collects debts from consumers in Illinois.

10. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12. Plaintiff, is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a defaulted American Express consumer credit account.

13. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

14. Defendant, Nationwide Credit, Inc. ("NCI" or "Defendant"), is a Georgia corporation that does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

15. NCI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16. NCI regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

17. According to Defendant, Plaintiff incurred a debt, originally for an American Express consumer account ("Account").

18. Plaintiff used the Account primarily for personal, family, and household purchases.

19. The Account is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

20. The Account was not paid and subsequently went into default.

21. American Express retained the services of NCI to collect on the account.

22. On or about December 14, 2021, Plaintiff received an email from Defendant (the "Email") in an attempt to collect the Account from Plaintiff. (Exhibit A, Email).

23. The Email conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and an account number.

24. The Email was a "communication" as that term is defined at §1692a(2) of the FDCPA.

25. Plaintiff read the Email.

26. The Email does not provide clear and conspicuous instructions for Plaintiff to opt out of future email communication.

27. The Email requires that Plaintiff call or click on an external link in order to opt out of future communications.

28. The Email provides no instructions for how to inform the debt collector via email that the consumer wishes to opt out of future communications (i.e. by replying to the email or sending an opt out email to another address).

Case: 1:22-cv-01565 Document #: 3-1 Filed: 03/25/22 Page 6 of 10 PageID #:14

\* 5 0 1 4 2 2 4 6 \*

29. Moreover, whatever instructions are present are buried at the end of the email after any meaningful content.

30. For most email reading programs, including Plaintiff's, the instructions would be many pages down and easily missed by most consumers.

31. On November 30, 2021, the Consumer Financial Protection Bureau enacted Regulation F, which applies to emails like the one sent by Defendant.

32. Regulation F, 12 C.F.R. § 1006.6(e) states:

> **Opt-out notice for electronic communications or attempts to communicate.**
>
> A debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address <u>must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications</u> or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out request.

33. Defendant failed to adhere to the clear and conspicuous requirements of Regulation F.

34. 15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **(a) Communication with the consumer generally**
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the

convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

35. Defendant communicated at an inconvenient time or place in connection with the collection of a debt, in violation of 1692c(a)(1), by sending an email to Plaintiff which lacked clear and conspicuous instructions for opting out of further electronic communications.

36. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

37. Defendant used unfair and unconscionable means to collect a debt in violation of § 1692f, when it engaged in collection activity prohibited by the Consumer Financial Protection Bureau.

38. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

44. Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom NCI attempted to collect an American Express debt (3) using an email materially identical to that attached as Exhibit A to Plaintiff's Complaint (4) sent one year prior to the filing of this Complaint up to the filing of this Complaint (the "Class").

45. Plaintiff may alter the Class definition to conform to developments in the case and discovery.

46. The proposed classes meet all requirements under 735 ILCS 5/2-801.

6

47. **Numerosity:** Upon information and believe, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Class are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form letter. Members of the Class can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

48. **Commonality and Predominance:** Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

49. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent, and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the class members.

50. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the

burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff re-alleges and incorporates the above paragraphs into this count.

52. Defendant communicated at an inconvenient time or place in connection with the collection of a debt, in violation of 1692c(a)(1), by sending an email to Plaintiff which lacked clear and conspicuous instructions for opting out of further electronic communications.

53. Defendant used unfair and unconscionable means to collect a debt, in violation of § 1692f, when it engaged in collection activity prohibited by the Consumer Financial Protection Bureau.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for an award in his favor and against Defendants as follows:

- A. Certification of the proposed Class;
- B. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;
- C. Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);
- D. Attorney's fees, litigation expenses, and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and
- E. Such other or further relief as the court deems proper.


## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/Michael Drew

**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com

*Attorneys for Plaintiff*